**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| WILLIAM HARDIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-04056-TWP-MPB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY ON MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**
**AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Petitioner William Hardin's ("Hardin") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Dkt 1). For the reasons explained in this Entry, the Motion must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I.   THE § 2255 MOTION

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

## II.  <u>FACTUAL BACKGROUND</u>

At the time of sentencing, neither Hardin nor his counsel had objections to the Presentence Investigation Report ("PSR"), at Criminal Docket 40.  (Crim. Dkt. 54 at 33[1].)  On July 19, 2016, Indianapolis Metropolitan Police Department ("IMPD") officers were dispatched to investigate a robbery at a Family Dollar store.  (Crim. Dkt 40 at 4.)  The victims described that the suspect held them at gun point while demanding their cell phones and cash from the resister.  The victims also provided a description of the suspect to the officers.  *Id.*  Seven days later, on July 26, 2016, IMPD officers were dispatched to a different Family Dollar store to investigate a robbery.  *Id.*  The suspect held the victim at gun point while demanding money, and the victim gave the robber money from the cash register and placed an electronic tracking device in the bag.  *Id.* at 5.  The victim also provided a description of the suspect to the police officers.  *Id.*

IMPD officers were able to locate the robbery suspect, Hardin, based on the descriptions provided and the tracking device planted during the second Family Dollar store robbery.  IMPD detectives retraced the path of the electronic tracking device and retrieved cash, two bags of items in Family Dollar bags, and clothing in the back yard of a home.  No firearm was located at the time.  *Id.*

On August 9, 2016 and August 10, 2016, law enforcement officers monitored Hardin's jail telephone calls and overheard Hardin telling his girlfriend the location of the weapon used in the robbery.  On August 16, 2016, agents were able to locate a Fabrique-Nationale .32 caliber semi-automatic pistol used in the robberies.  *Id.*

On December 20, 2016, Hardin was charged in a three count Indictment with two counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act

---

[1] Case No. 1:16-cr-00276-WTL-DML-1

2

robbery") (Counts 1 and 2), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3).  (Crim. Dkt. 13.)

On October 25, 2017, Hardin agreed to plead guilty to all three counts of the Indictment, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  (Crim. Dkt. 34.)   In the plea agreement, Hardin stipulated to the facts supporting his plea of guilty and waived his right to appeal his conviction and sentence.  *Id.* at 8-10, 12.  Additionally, the parties did not agree on a recommended sentence.  *Id.* at 5.

Furthermore, Hardin declared that he read and understood his entire plea, discussed his entire plea with his attorney, and that no officer or agent of the Government made any additional promises to him outside of the plea agreement.  *Id.* at 15.  Moreover, Hardin further agreed that his attorney informed, counseled, and advised him as to the nature and cause of every accusation against him and to any possible defenses; he was satisfied with his attorney's representation during all phases of his case; and his attorney effectively counseled and assisted him.  *Id.* 15-16.

Trial counsel certified that he had read and fully explained to Hardin "all the accusations against [Hardin]."  *Id.* at 17.  Moreover, trial counsel confirmed that Hardin's plea of guilty was "voluntarily and understandingly made."  *Id.*

On February 8, 2018, the Court accepted Hardin's plea of guilty to all three counts.  (Crim. Dkt. 47.)  At the hearing, Hardin verified that he had discussed the charges and his case with his attorney.  (Crim. Dkt. 54 at 4-6.)  He affirmed that he had read and discussed the plea agreement with his counsel before he signed it and understood the terms and conditions of the agreement.  *Id.* at 6.  And, when asked if he was fully satisfied with his counsel, representation, and advice given by his counsel, he responded, "Completely."  *Id.* at 28.

The Court advised Hardin of the elements of the charges against him and informed Hardin that by pleading guilty, he was relinquishing his right to require the Government to prove his guilt beyond a reasonable doubt, his right to cross-examine witnesses against him, and his right to testify in his defense.  *Id.* at 23-27.  Additionally, the Court confirmed with Hardin that the stipulated factual basis was true and accurate.  *Id.* at 19.

The Court reviewed the guideline calculation provided in the plea agreement, which was consistent with the PSR.  (Crim. Dkt. 40 at 6-7.)  Based on a total offense level of 22 and a criminal history category of II, the guideline imprisonment range for Counts 1 and 2 was 46 to 57 months. *Id.* at 14.  The mandatory sentence for Count 3 was 84 months, consecutive to all other counts.  *Id.*

The Court advised Hardin that he would be giving up his right to appeal and to file any motions challenging his conviction or sentence, other than ineffective assistance of counsel.  (Crim Dkt. 54 at 22-27.)  Thus, having confirmed his understanding of the plea agreement, Hardin pled guilty to the charges in Counts 1, 2, and 3.  *Id.* at 29-30.

Following an extensive plea colloquy, and based on Hardin's acknowledgements of understanding, the Court accepted Hardin's plea of guilty.  *Id.* at 30-31.  The Court specifically found that Hardin was fully competent and capable of entering an informed plea and aware of the nature, charge, and the consequences of the plea; and, that the plea of guilty was knowing and voluntary, supported by an independent basis of fact that contained each of the essential elements of the offenses.  *Id.*

Hardin's sentencing was held immediately after his plea of guilty.  At the hearing, Hardin and his counsel confirmed they reviewed the PSR with no objections.  *Id.* at 32-33.  Accordingly, the Court accepted the PSR and its findings of fact.  *Id.* at 35.

4

Hardin was sentenced to a total of 130 months in prison (Counts 1 and 2: 46 months per count, concurrent; and Count 3: 84 months consecutive). (Crim. Dkt. 48.)

Hardin did not appeal his conviction or sentence, but on December 27, 2018, he filed the instant *pro se* motion to vacate under § 2255. The Government responded on April 29, 2019. No reply was filed.

## III.   <u>DISCUSSION</u>

Hardin contends that he is entitled to relief because his trial counsel was ineffective and failed to challenge his § 924(c) conviction as unconstitutionally vague. He asks this Court to vacate his § 924(c) conviction and resentence him on Counts 1 and 2 only. (Dkt. 1 at 12.)

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The entirety of Hardin's argument in support of his claim of ineffective assistance of counsel is the following list:

Counsel failed to investigate the charges.

Failed to explain the indictment.

Failed to fully explain what rights were being given up.

Did not fully investigate or correct PSI/PSR.

Involved the Movant as little as possible in any defense or negotiation of the plea and kept Movant from learning about any issue that may have been defens[es] or negotiable points.

Counsel failed to be aware of or conversant in or just plain ignored rel[e]vant case law and developing case law that would have been and is now beneficial to the Movant.

Failed to appeal the sentence even though the Court clearly indicated that the right to appeal the sent[e]nce was still available.

(Dkt. 1 at 5.)

For the reasons explained below, Hardin's claims of ineffective assistance of counsel are all without merit.

**A.**   <u>**Failure to Investigate**</u>

Hardin asserts that he is entitled to relief because counsel failed to investigate the charges and PSR.  However, Hardin fails to explain exactly what this "investigation" was supposed to entail and produce.  He has not identified any errors in the charges or the PSR.  Under these circumstances, Hardin is not entitled to relief on this basis.  *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (petitioner has the burden of providing the court with a comprehensive showing as to what the investigation would have produced).

**B.**   <u>**Failure to Explain**</u>

Hardin asserts that counsel failed to explain the Indictment and the rights he was giving up by pleading guilty.  He further states that trial counsel, "[i]nvolved the Movant as little as possible

6

in any defense or negotiation of the plea and kept Movant from learning about any issue that may have been defens[es] or negotiable points." (Dkt. 1 at 5.)

The Court is not persuaded by Hardin's argument because a defendant's sworn statements in a Rule 11 colloquy are presumed to be true. *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). A defendant who contends his plea was not made knowingly and voluntarily, contrary to his assertions at the Rule 11 colloquy, faces a heavy burden of persuasion. *United States v. Standiford*, 148 F.3d 864, 868-69 (7th Cir. 1998). During Hardin's plea and sentencing hearing, he affirmed his understanding of the counts of conviction, the elements the Government would have needed to prove at trial for each offense, and the guideline range for each offense, as well as the many other rights that he was waiving and the potential consequences of his waiver. The Court provided an opportunity for Hardin to object or correct the factual basis, and at no point did Hardin display confusion or a lack of understanding regarding the plea process. In addition, Hardin has not identified any information that he was not told that would have changed his decision to plead guilty. The record in no way reveals a reasonable probability that Hardin would have chosen to go to trial had he better understood the indictment or the plea agreement. No relief is warranted on this basis.

**C.      Failure to Challenge § 924(c) Conviction**

Next, Hardin argues that "Counsel failed to be aware of or conversant in or just plain ignored rel[e]vant case law and developing case law that would have been and is now beneficial to the Movant." (Dkt. 1 at 5.) It appears that this argument is based on Hardin's mistaken theory that his 28 U.S.C. § 924(c) conviction must be set aside because it is unconstitutionally vague.

Title 18 U.S.C. § 924(c) authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime

7

of violence or drug trafficking crime."   § 924(c)(1)(A).   The United States Supreme Court has explained:

> The statute proceeds to define the term "crime of violence" in two subparts—the first known as the elements clause, and the second the residual clause. According to § 924(c)(3), a crime of violence is "an offense that is a felony" and
>
> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*United States v. Davis,* 139 S. Ct. 2319, 2324 (2019).   *Davis* and *United States v. Cardena,* 842 F.3d 959 (7th Cir. 2016) hold that the residual clause, § 924(c)(3)(B), is unconstitutionally vague. *Id.* at 2336.   "After *Davis*, a § 924(c) conviction based on a crime of violence is valid only under the statute's 'elements clause,' which treats as crimes of violence only crimes that have as an element the actual, attempted, or threatened use of force."   *Oliver v. United States*, 951 F.3d 841, 844 (7th Cir. 2020).

Hardin is not entitled to relief because the underlying "crime of violence" alleged was Hobbs Act robbery.   The robberies of two different Family Dollar stores plainly violated the Hobbs Act, which the Seventh Circuit has held qualifies as a crime of violence under § 924(c)'s elements clause.   *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017) (collecting cases); *accord, Haynes v. United States*, 936 F.3d 683,690 (7th Cir. 2019).   This is because the statute includes the use, or threatened use, of physical force against the person or property of another.   18 U.S.C. § 1951(b) (defining robbery).   Hardin's Hobbs Act robberies therefore constitute valid predicate crimes of violence for the purposes of Hardin's convictions. Accordingly, Hardin's counsel was not ineffective for failing to challenge the constitutionality of the § 924(c) convictions.

### D.  **Failure to Appeal**

Finally, Hardin asserts that he is entitled to relief because his counsel failed to file an appeal to challenge his sentence.  No relief is warranted on this basis for two reasons.  First, Hardin acknowledged at the plea hearing that he was expressly waiving, or giving up, his right to appeal the sentence imposed on any ground.  Second, Hardin does not even suggest that he instructed his counsel to file an appeal.  Under these circumstances, counsel was not ineffective for failing to file a direct appeal.

### IV.  **CONCLUSION**

For the reasons explained in this Entry, Hardin is not entitled to relief on his § 2255 motion. Accordingly, his Motion for relief pursuant to § 2255, (Dkt. [1]), is **DENIED** and this action is **dismissed with prejudice**.  Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in Case No. 1:16-cr-00276-TWP-DML-1.**  The Motion to vacate, (Crim. Dkt. [53]), shall also be **terminated** in the underlying criminal action.

### V.  **DENIAL OF CERTIFICATE OF APPEALABILITY**

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability.  *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Hardin has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date:  8/10/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

William Hardin, #15509-028
Coleman Medium Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1032
Coleman, Florida  33521

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov